IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| PORTER WILKES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 309-053 |
| ) | |
| RALPH KEMP, Warden, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Wheeler Correctional Facility ("WCF") in Alamo, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). As explained below, Plaintiff has filed an amended complaint, and because the amended complaint was filed IFP, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

Because Plaintiff previously attempted to amend his complaint in a piecemeal fashion (see doc. no. 5), the Court directed Plaintiff to submit an amended complaint, to include all

of his allegations in one document, (see doc. no. 6, p. 3). Plaintiff timely submitted his amended complaint (doc. no. 9), and it is this document that the Court will now screen.

## I. BACKGROUND

Liberally construing Plaintiff's amended complaint, the Court finds the following. In his amended complaint, Plaintiff names the following Defendants: (1) Ralph Kemp, Warden of WCF; (2) R. Rosier, Deputy Warden at WCF; (3) Mrs. Aldrick, Mailroom Supervisor at WCF; (4) W. Sightler, a doctor at WCF; (5) Tracy Williams, Correctional Sergeant at WCF; (6) Officer Smiley, a correctional officer at WCF; (7) Shevondah Fields, Manager of Inmate Affairs and Appeals; and (8) William L. Martin, III, Clerk of the Georgia Court of Appeals. (Doc. no. 9, pp. 1, 4). Plaintiff's amended complaint makes a myriad of allegations, and thus, the Court has grouped Plaintiff's allegations according to the types of claims he is attempting to assert, rather than presenting them chronologically.

In his amended complaint, Plaintiff states that on July 22, 2009, Defendant Sightler refused to provide him with medical care, although he does not disclose why he needed to see Defendant Sightler or how he was injured as a result of this alleged denial of medical treatment. (Id. at 5). Plaintiff also states that on September 24, 2009, Defendant Sightler refused to re-fill his medication, although again, Plaintiff does not state what type of medication he needed re-filled. (Id.). According to Plaintiff, he had a doctor's appointment scheduled for October 1, 2009, for which he waited an hour and a half, "just to be informed that they cancel[led] it." (Id.). Plaintiff states that the appointment was never re-scheduled and that "these acts [have] occurred several time[s] since July 9, 2009." (Id.).

Plaintiff goes on to allege that on August 11, 2009, after he was released from segregation, Defendants Kemp and Rosier approached him and threatened to either "lock[] him up again" or "physically remove[]" him if Plaintiff did not speak to them during "sound-off." (Id.). Plaintiff alleges that such acts have continued to occur "by various Defendants." (Id.). According to Plaintiff, Defendants Kemp and Rosier also destroyed his "legal materials" that they confiscated on July 9, 2009. (Id. at 6). Plaintiff states that these materials were relevant to his "pending criminal and civil cases." (Id.).

Finally, Plaintiff alleges that Defendants Williams and Smiley came to his cell on October 6, 2009, started an argument with him, and threatened him with physical harm. (Id.). Afterwards, Defendant Williams purportedly instructed Plaintiff to come outside his cell, where Defendant Smiley then told him "to put his hands on the wall." (Id.). Plaintiff states that Defendant Smiley then slammed his head into the floor and caused him "severe injuries." (Id.). According to Plaintiff, Defendant Williams assisted Defendant Smiley in the attack. (Id.).

## II. DISCUSSION

### A. Defendants Aldrick, Fields, and Martin

While Plaintiff names Defendants Aldrick, Fields, and Martin in the caption of his amended complaint, he asserts no allegations of wrongdoing against them in the statement of his claim. "Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit recently held that a district court properly

3

dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Thus, in the absence of any allegation connecting Defendants Aldrick, Fields, and Martin with the alleged unconstitutional conduct, Plaintiff fails to state a claim for relief against these Defendants.

**B.     July 22nd Deliberate Indifference Claim**

As noted above, Plaintiff alleges that on July 22, 2009, Defendant Sightler refused to provide him with medical care. (Doc. no. 9, p. 5). However, Plaintiff does not explain the nature of his medical needs or any resulting injury. A prisoner asserting that prison officials acted with deliberate indifference with respect to his medical care must show, *inter alia*, that he has a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007) (citation omitted). Plaintiff has not alleged that he had a serious medical need, much less how Defendant Sightler's alleged refusal to treat it caused Plaintiff any injury. Accordingly, this claim should be dismissed.

**C.     Access to the Courts Claim**

Plaintiff also alleges that on July 9, 2009, Defendants Kemp and Rosier interfered with his access to the courts by confiscating his legal materials (which Plaintiff contends pertain to his pending criminal and civil cases) and later destroying those materials without

4

notifying him.[1] (Doc. no. 9, p. 6). To state a viable denial of access to the courts claim, Plaintiff must plead and prove actual injury to existing or contemplated litigation or nonfrivolous (and therefore viable) claims challenging his sentence or conditions of confinement. Lewis v. Casey, 518 U.S. 343, 349-55 (1996); see also Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998) (emphasizing that an inmate's right to access the courts is only implicated where there is actual injury suffered "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement."). The Eleventh Circuit has clarified the requirements for pursuing a denial of access to the courts claim as follows:

> [A] plaintiff first must show actual injury before seeking relief . . . . This essential standing requirement means that [a defendant's] actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action. To prevail, a plaintiff must provide evidence of [] deterrence, such as

---

[1]The Court is aware that Plaintiff has been permitted to proceed IFP in this action under the imminent danger exception to the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996), which provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff's allegations regarding denial of access to the courts do not fall within the imminent danger exception and are not appropriately included in his amended complaint. See Miller v. Meadows, No. 5:05-CV-29, 2005 WL 1983838, at *5-6 (M.D. Ga. Aug. 11, 2005) (dismissing claims that did not establish imminent danger where the plaintiff had been permitted to proceed IFP under this exception to the "three strikes" provision). However, in an abundance of caution, the Court addresses the merits of these allegations.

5

> denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of [a defendant].

Blankenship, 163 F.3d at 1290-91(citations omitted). Stated otherwise, there must be an allegation that the actions of a defendant acting under the color of state law "hindered . . . 'efforts to proceed with a legal claim in a criminal appeal, post conviction matter, or civil rights action seeking to vindicate basic constitutional rights.'" Id. at 1291 (quoting Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996) (*per curiam*)).

Here, Plaintiff has alleged that Defendants Kemp and Rosier interfered with his access to the courts by confiscating and later destroying legal materials that Plaintiff states pertain to his pending criminal and civil cases. However, Plaintiff has not alleged that such actions have resulted in the denial or dismissal of any non-frivolous appeal, habeas petition, or civil rights case. Thus, Plaintiff has failed to demonstrate that he suffered any actual injury as a result of Defendant Kemp's and Defendant Rosier's alleged actions, and this claim fails as a matter of law.

### D. Failure to Exhaust Administrative Remedies

Finally, the remainder of Plaintiff's claims should be dismissed for failure to exhaust administrative remedies prior to filing suit. Section 1997e(a) of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's mandatory exhaustion requirement applies to all federal claims brought by any

inmate. Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998). Indeed, under the PLRA, the Court may not inquire as to whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson v. Meadows, 418 F.3d 1152, 1155, 1156 (11th Cir. 2005), *cert. denied*, 548 U.S. 925 (2006).

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 90 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson, 418 F.3d at 1159. Put plainly, "a Georgia prisoner 'must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures.'" Salas v. Tillman, 162 Fed. App'x 918, 920 (11th Cir. 2006) *(per curiam)* (quoting Johnson, 418 F.3d at 1155).

Finally, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, the Eleventh Circuit requires prisoners to complete the administrative process *before* initiating suit. Higginbottom v. Carter, 223 F.3d 1259, 1261

7

(11th Cir. 2000) (*per curiam*); see also Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). Other federal circuits have similarly held that the PLRA does not allow a plaintiff to exhaust administrative remedies while his case is pending. See McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001); Jackson v. Dist. of Columbia, 254 F.3d 262, 269 (D.C. Cir. 2001); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 538 (7th Cir. 1999).

Plaintiff commenced this civil action by executing his original complaint on July 29, 2009.[2] (Doc. no. 1, p. 10). When Plaintiff was later instructed to amend his complaint, he was cautioned that the amended complaint would supersede and replace in its entirely his previous complaint and that he must include in his amended complaint all the claims that he wished the Court to consider as a basis for relief. (Doc. no. 6, pp. 4-6 (citing Malowney v. Fed. Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) and King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994))). However, the events forming the basis of the remainder of Plaintiff's allegations presented in his amended complaint, which were not discussed in Sections II.B and II.C above, occurred after Plaintiff commenced this action.

Indeed, while Plaintiff states that certain problems related to his medical care have continued to occur since July 9, 2009, except for the July 22nd claim discussed above, the only other acts that he describes in his amended complaint purportedly occurred on

---

[2] A prisoner's complaint is deemed filed on the day it is delivered to prison officials for mailing, Houston v. Lack, 487 U.S. 266, 276 (1988), and the Court construes the date Plaintiff signed his complaint as the date of delivery, see Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (*per curiam*). Accordingly, the Court construes the date Plaintiff executed his original complaint as the date Plaintiff commenced this action.

8

September 24, 2009, and October 1, 2009. (See doc. no. 9, p. 5). Similarly, while Plaintiff states that multiple acts of retaliation occurred at the hands of Defendants Kemp and Rosier, the only act he describes with any detail in his amended complaint allegedly occurred on August 11, 2009. (Id.). Finally, Plaintiff states that the events involving Defendants Smiley and Williams occurred on October 1, 2009. (Id. at 6).

As noted above, exhaustion of administrative remedies is a "precondition" to filing an action in federal court, and accordingly, prisoners are required to complete the administrative process *before* initiating suit. Higginbottom, 223 F.3d at 1261. The Court is aware that Plaintiff states that he has exhausted his administrative remedies for all of his claims. (See doc. no. 9, pp. 3-4). However, he could not have exhausted his administrative remedies prior to filing suit with respect to the September 24th and October 1st deliberate indifference claims, the August 11th retaliation claim, or the October 1st excessive force claim, because these acts occurred, by Plaintiff's own admission, after he commenced this action. Accordingly, the remainder of Plaintiff's claims should be dismissed without prejudice for failure to exhaust his administrative remedies prior to filing suit.[3]

---

[3]The Court recognizes that the Supreme Court recently held that under the PLRA, exhaustion of administrative remedies is an affirmative defense. Jones v. Bock, 549 U.S. 199, 215 (2007). However, if the allegations in the complaint, taken as true, demonstrate that a prisoner's claims are barred by an affirmative defense, the complaint is subject to dismissal for failure to state a claim upon which relief can be granted. Id. at 215-16; see also Clark v. Georgia Bd. of Pardons & Paroles, 915 F.2d 636, 640-41 (11th Cir. 1990) (explaining that district court may dismiss prisoner's complaint "if [it] sees that an affirmative defense would defeat the action," including the prisoner's failure to exhaust "alternative remedies"). Therefore, because it is clear from the face of Plaintiff's complaint that he failed to exhaust his administrative remedies with respect to these claims prior to filing suit, the Court can properly recommend that these claims be dismissed. See Anderson v. Donald, 261 Fed. App'x 254, 256 (11th Cir. 2008) (*per curiam*) (finding that the district court properly dismissed the plaintiff's complaint because the allegations in the complaint sufficed to

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendants Aldrick, Fields, and Martin be **DISMISSED** from this case. The Court further **REPORTS** and **RECOMMENDS** that Plaintiff's July 22nd deliberate indifference claim and access to the courts claim be **DISMISSED** for failure to state a claim upon which relief may be granted, that Plaintiff's remaining claims be **DISMISSED** without prejudice for failure to exhaust administrative remedies, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of February, 2010, at Augusta, Georgia.

```
                                    W. LEON BARFIELD
                                    UNITED STATES MAGISTRATE JUDGE
```

---

establish that the plaintiff failed to exhaust his administrative remedies).