IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

PORTER WILKES,                )
                              )
    Plaintiff,                )
                              )
v.                            )   CV 309-053
                              )
RALPH KEMP, Warden, et al.,   )
                              )
    Defendants.               )

---

**ORDER**

---

After a careful, *de novo* review of the file, the Court concurs, in part, with the Magistrate Judge's Report and Recommendation, to which objections have been filed. While the majority of Plaintiff's objections are without merit, Plaintiff's objection regarding the dismissal of his deliberate indifference claim concerning his medical treatment does merit further comment.

In the Report and Recommendation screening the amended complaint,[1] the Magistrate Judge recommended that Defendants Aldrick, Fields, and Martin be dismissed because

---

[1] The Magistrate Judge originally recommended that this case be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) (commonly known as the "three strikes" provision). (See doc. no. 3, pp. 2-4). Plaintiff's objections to this first Report and Recommendation alleged that various Defendants had continued to subject him to acts of retaliation and deliberate indifference to his serious medical needs. (See doc. no. 5). In light of this new information, the Magistrate Judge vacated this first Report and Recommendation to allow Plaintiff to proceed in this action pursuant to the imminent danger exception to the three strikes rule and directed Plaintiff to submit an amended complaint. (See doc. no. 6). This amended complaint is the subject of the Report and Recommendation currently before the Court.

although Plaintiff named these individuals in the caption of his amended complaint, he asserted no allegations of wrongdoing against them in the statement of his claim. (Doc. no. 17, pp. 3-4). The Magistrate Judge further recommended that one of Plaintiff's deliberate indifference claims be dismissed because Plaintiff had not explained in his amended complaint the nature of his medical needs or how Defendant Sightler's alleged refusal to treat them caused him any injury. (Id. at 4). With respect to Plaintiff's allegations regarding denial of access to the courts, the Magistrate Judge noted that such allegations were not properly included in his amended complaint because Plaintiff had been permitted to proceed IFP pursuant to the imminent danger exception, and such allegations did not fall within this exception. (Id. at 5 n.1). However, in an abundance of caution, the Magistrate Judge addressed these allegations on the merits and found that they failed to state a claim because Plaintiff had not demonstrated that he had suffered any actual injury as a result of Defendants' actions. (Id. at 5-6). Finally, the Magistrate Judge recommended that the remainder of Plaintiff's claims concerning other acts of deliberate indifference, retaliation, and excessive force be dismissed for failure to exhaust his administrative remedies prior to filing suit. (Id. at 6-10).

As noted above, the majority of Plaintiff's objections to the R&R are without merit.[2]

---

[2] With respect to Plaintiff's access to the courts claim, Plaintiff has now alleged that he suffered actual injury as a result of Defendant Kemp's and Defendant Rosier's actions. (See doc. no. 19, p. 4). However, as noted above and explained in the Report and Recommendation (see doc. no. 17, p. 5 n.1), such allegations do not change the fact that Plaintiff's access to the courts claim is not appropriately included in this civil action because it does not fall within the imminent danger exception. Furthermore, Plaintiff's objections regarding the retaliation and excessive force claims that were dismissed for failure to exhaust, (see doc. no. 19, pp. 10-11), simply confirm that Plaintiff failed to exhaust his administrative remedies before filing suit and do not change the Court's opinion with respect

2

However, with respect to Plaintiff's deliberate indifference claim against Defendant Sightler, Plaintiff has now clarified in his objections that he is suffering from Hepatitis C and that Defendant Sightler has continually refused to treat him, thereby causing him "injury to his health." (Doc. no. 19, pp. 5-6). Liberally construing Plaintiff's objections to the Report and Recommendation together with the allegations contained in his amended complaint, the Court finds that Plaintiff has *arguably* stated a claim against Defendant Sightler for deliberate indifference to a serious medical need for his alleged ongoing refusal to treat Plaintiff's Hepatitis C.[3] See Adams v. Poag, 61 F.3d 1537, 1543-44 (11th Cir. 1995) (noting a viable Eighth Amendment claim consists of "deliberate indifference" to medical needs, such as an intentional refusal to provide care, cursory care in light of a severe medical risk, or a delay in access to care that is essentially a wanton infliction of pain). However, as discussed above, the remainder of Plaintiff's objections are without merit and are **OVERRULED**. Given the Court's finding with respect to Plaintiff's deliberate indifference claim against Defendant Sightler and the fact that all other objections have been overruled, Plaintiff's motion to amend, in which he seeks to amend his complaint a second time as outlined in his objections, is **MOOT**. (Doc. no. 20).

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court, as modified herein. Therefore, Defendants Aldrick, Fields, and

---

to these claims.

[3] The Court notes that there may be an issue with exhaustion of administrative remedies regarding Plaintiff's deliberate indifference claim against Defendant Sightler based on the dates alleged in the amended complaint. Nevertheless, given Plaintiff's statements that he has exhausted his administrative remedies with respect to this alleged ongoing problem, (see doc. no. 19, p. 11), at this early stage, the Court will allow this claim to proceed.

3

Martin are **DISMISSED** from this case. Furthermore, Plaintiff's access to the courts claim is **DISMISSED** for failure to state a claim upon which relief may be granted, and Plaintiff's retaliation claim and excessive force claims are **DISMISSED** without prejudice for failure to exhaust administrative remedies. However, Plaintiff may proceed with his deliberate indifference claim against Defendant Sightler for his alleged ongoing refusal to treat Plaintiff's Hepatitis C.

**IT IS HEREBY ORDERED** that service of process shall be effected on Defendant Sightler. The United States Marshal shall mail a copy of the amended complaint and Plaintiff's objections, (doc. nos. 9, 19), as well as this Order, by first-class mail and request that Defendant waive formal service of the summons. Fed. R. Civ. P. 4(d). Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if Defendant fails to comply with the request for waiver, Defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). If Defendant returns the waiver in a timely fashion, he does not have to answer the complaint until sixty (60) days after the date the Marshal mailed the request for waiver. Fed. R. Civ. P. 4(d)(3). However, service must be effected within 120 days of the date of this Order, and failure to do so may result in dismissal of this case. Fed. R. Civ. P. 4(m). Plaintiff is responsible for providing sufficient information for the Marshal to identify Defendant to effect service.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant, or upon his attorney or attorneys if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court. Except for the complaint, when

4

submitting pleadings to the Clerk of Court, parties shall provide an original and one copy. Loc. R. 5.2. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to Defendant or his counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). Any paper received by a district judge or magistrate judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by Defendant. Upon being given at least five (5) days notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case. Defendant shall ensure that Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this Court.

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from Defendant, Plaintiff must initiate

5

discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four (4) months after the filing of Defendant Sightler's answer to the amended complaint.

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five (25) questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing, when a party needs such materials in connection with a motion or response, and then only to the extent necessary, and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents ($.50) per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff

fails to respond to a motion to dismiss, the Court will assume that there is no opposition to Defendant's motion.

A response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should Defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest Defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in Defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this 17th day of May, 2010, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE