ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| PORTER WILKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 309-053 |
| | ) | |
| W. SIGHTLER, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Wheeler Correctional Facility ("WCF") in Alamo, Georgia, when this action commenced,[1] filed the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is *pro se* and proceeding *in forma pauperis*. The matter is now before the Court on Plaintiff's "Motion for Restraining Order and Preliminary Injunction." (Doc. nos. 42-1, 42-2.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request for injunctive relief be **DENIED**.

### I. BACKGROUND

On February 23, 2010, this Court issued a Report and Recommendation ("R&R") recommending that Plaintiff's claims for denial of access to the courts, excessive force, retaliation and deliberate indifference as well as Defendants Aldrick, Fields, and Martin be dismissed. (Doc. no. 17.) Subsequently, the Honorable Dudley H. Bowen, Jr., United States

---

[1] Plaintiff has since been transferred to Coffee Correctional Facility ("CCF") in Nicholls, Georgia. (Doc. nos. 42 & 44.)

District Judge, issued an Order adopting the R&R of this Court as modified by that Order. (Doc. no. 21.) Judge Bowen dismissed Defendants Aldrick, Fields, and Martin, as well as Plaintiff's claims for denial of access to the courts, retaliation, and excessive force. (Id. at pp. 3-4.) However, Judge Bowen directed the U.S. Marshal to effect service on Defendant Sightler finding that, in his objection to the R&R (doc. no. 19), Plaintiff had *arguably* stated a viable claim against Defendant Sightler for deliberate indifference to a serious medical need concerning his alleged refusal to treat Plaintiff's hepatitis C. (Doc. no. 21, p. 3.) The parties have since completed the discovery process, and both Plaintiff and Defendant Sightler have a pending motion for summary judgment. (Doc. nos. 36, 38.)

## II. DISCUSSION

In the "Motion for Restraining Order and Preliminary Injunction,"[2] Plaintiff requests that the Court issue an order directing officials at WCF, including Defendant Sightler, to have him, and two other inmates,[3] transferred back to WCF from CCF where they are

---

[2] Here, Plaintiff has styled his motion for injunctive relief as one for both a temporary restraining order and a preliminary injunction. A temporary restraining order is usually sought "to preserve the status quo until the Court can conduct a thorough inquiry into the propriety of a preliminary or permanent injunction." Hospital Resource Personnel, Inc. v. United States, 860 F. Supp. 1554, 1556 (S.D. Ga. 1994) (Bowen, J.). In this case, it is clear that Plaintiff does not seek to preserve the status quo. In any event, the Court has evaluated Plaintiff's request under the well-known standards generally applicable to both types of requests for injunctive relief. Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction." (citation omitted)).

[3] Plaintiff appears to be seeking relief on behalf of two other inmates who were transferred from WCF to CCF; however, a prisoner proceeding *pro se* cannot represent the interests of other prisoners. See Wallace v. Smith, 145 Fed. App'x. 300, 302 (11th Cir. 2005) (*per curiam*). As such, the Court will only address the current motion as it applies to Plaintiff.

2

currently incarcerated. (Doc. no. 42, p. 1.) According to Plaintiff, he and the other two inmates were transferred to CCF out of retaliation for filing grievances and lawsuits against the medical staff at WCF. (Id. at 2.) In addition, Plaintiff states that the medical facilities at CCF are worse than the facilities at WCF. (Id.) Although Plaintiff's complaint concerns the lack of medical treatment at WCF, Plaintiff submits that his transfer to CCF has impaired his ability, and the ability of the other two inmates, to resolve their serious medical needs due to the difference in the quality of the medical facilities. (Id.) Defendant Sightler has filed a response in opposition to Plaintiff's motion arguing that Plaintiff's "bare assertion that he needs to go back to [WCF] does not meet the four step test" for injunctive relief. (Doc. no. 47, p. 2.) The Court agrees.

Parties moving for injunctive relief must show the following: (1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interests. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

Here, as Defendant Sightler argues in his response, Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. Specifically, Plaintiff has

3

failed to establish that there is a substantial likelihood that he will prevail on the merits of his claim or that irreparable injury will be suffered unless the injunction issues. As to Plaintiff's likelihood of prevailing on the merits of his claim, inmates do not have a constitutional right to be housed at one facility or another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Indeed, having considered the issue of involuntary prisoner transfers, the Supreme Court found no constitutional liberty interest in the involuntary transfer of an inmate to a different facility. Montanye v. Haymes, 427 U.S. 236, 242-43 (1976). Thus, Plaintiff has no right to be housed at any particular state institution.

Additionally, Plaintiff has failed to establish that there is a substantial threat that he will suffer irreparable injury if he is not transferred back to WCF. In order to establish the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (In order to obtain injunctive relief, a plaintiff must show "a real and immediate-- as opposed to a merely conjectural or hypothetical-- threat of *future* injury."). To meet this standard, a plaintiff must show "a *likelihood* that irreparable harm will occur." United States v. Emerson, 270 F.3d 203, 262 (5th Cir. 2001) (quoting Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2948.1 at 153-56). However, the future injury need not be an inevitability, "*a strong threat* of irreparable injury . . . is an adequate basis." Id.

Here, Plaintiff has provided no medically substantiated or documented information

4

regarding the potential consequences of his remaining at CCF instead of being transferred back to WCF. Furthermore, Plaintiff's deliberate indifference claim against Defendant Sightler is based on the allegation that he refused to treat Plaintiff for his hepatitis C. (See doc. no. 25, p. 3.) Yet Plaintiff fails to explain how being treated at the allegedly inferior medical facilities of CCF poses a greater threat of injury to him than receiving no treatment at all at the supposedly superior facilities of WCF. As such, Plaintiff has failed to demonstrate that, if the motion is not granted, there is a substantial threat of imminent, irreparable injury.

Therefore, Plaintiff's request for injunctive relief should be **DENIED**. Plaintiff has failed to demonstrate that there is a substantial likelihood that he will prevail on the merits, or that there is a substantial threat he will suffer irreparable injury, and thus, he cannot meet his burden of persuasion on all four requisites for injunctive relief.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's "Motion for Restraining Order and Preliminary Injunction" (doc. nos. 42-1, 42-2) be **DENIED**.

SO REPORTED and RECOMMENDED this 21st day of March, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE