ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 APR 26 A 11: 07
CLERK *J Burton*
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| PORTER WILKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 309-053 |
| | ) |
| W. SIGHTLER, | ) |
| | ) |
| Defendant. | ) |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. The Magistrate Judge recommended that Plaintiff's "Motion for Restraining Order and Preliminary Injunction" be denied. Plaintiff raises multiple objections to the R&R; only two of his objections merit comment.

Plaintiff's motion requests that the Court issue an order transferring him back to Wheeler Correctional Facility ("WCF") from Coffee Correctional Facility ("CCF"), where he was recently transferred.[1] The Magistrate Judge determined that Plaintiff was unable to meet all four requirements for injunctive relief. (Doc. no. 51, p. 3 (explaining the requirements that must be met to warrant injunctive relief).) The Magistrate Judge specifically found that Plaintiff had failed to establish a substantial likelihood that he would

---

[1] At the time relevant to the claims alleged in this case, Plaintiff was incarcerated at WCF, in Alamo, Georgia.

prevail on the merits of his claim or that irreparable injury would be suffered unless the injunction was issued. (Id. at 3-4.) More particularly, the Magistrate Judge explained that inmates do not have a constitutional right to be housed at one facility or another. (Id. at 4 (citing Meachum v. Fano, 427 U.S. 215, 224-25 (1976)). The Magistrate Judge also found that Plaintiff had failed to explain how being treated at the allegedly inferior medical facilities of CCF pose a greater threat of injury to him that receiving no treatment at the supposedly superior facilities of WCF. (Id. at 5.)

Plaintiff first cites to two letters attached to his objections and argues that those letters demonstrate a likelihood of irreparable injury if he remains at CCF. (Doc. no. 53, p. 2, Attach. 1-2.) The attached letters are from the undersigned to then-Commissioner of the Georgia Department of Corrections, Jim Wetherington, and to then-Warden of CCF, Pat Hicks. (Id., Attach. 1-2.) These two letters were prompted by correspondences that the undersigned had received from Plaintiff and other prisoners, and simply asked the recipients for information regarding the issues raised in those correspondences. (Id.) Plaintiff claims that these letters demonstrate a likelihood of irreparable harm since each letter was prompted in part by a correspondence from Plaintiff complaining of "inadequate medical care and other problems at CCF." (Id. at 2.)

As an initial matter, using letters that were sent in 2002 and 2003, respectively, in an attempt to show a likelihood of irreparable harm in 2011 is unpersuasive. In other words, even if the letters demonstrate conditions of poor medical care in the past at CCF, which they do not, such information does not lead to the conclusion that the medical care remains poor

2

at CCF in 2011.[2] Additionally, Plaintiff provides no information regarding what his prior complaints were regarding CCF beyond the vague statement that it involved "inadequate medical care and other problems." (See id.) Finally, if Plaintiff showed a likelihood of irreparable harm were he to remain at CCF, he would still have three requirements left to satisfy in order to demonstrate his entitlement to injunctive relief. However, the Magistrate Judge already determined that Plaintiff failed to establish a substantial likelihood that he would prevail on the merits of his claim, which is one of the three remaining requirements. In fact, the Magistrate Judge recently issued an R&R recommending that Defendant's motion for summary judgment be granted, and that this civil action be closed. (Doc. no. 54.) Therefore, this objection does not affect the analysis or conclusions of the Magistrate Judge, and is **OVERRULED**.

In Plaintiff's second objection, he claims that he never received the response in opposition to his motion filed by Defendant. (Id. at 4.) Plaintiff attached a legal mail logsheet that he claims shows that he did not receive Defendant's response to his motion. (Id. at 4, Attach. 4.) However, this logsheet simply shows that Plaintiff received legal mail from Defendant's attorney on December 13 and 27. (Id. Attach. 4.) Additionally, Defendant's response to Plaintiff's motion included a certificate of service dated December 23, which indicated that Plaintiff was served with a copy of that response. (Doc. no. 47, p. 3.) This certificate of service creates a presumption that Defendant's response was received by Plaintiff, and Plaintiff has presented no evidence that rebuts that presumption. See In re

---

[2]Indeed, the undersigned noted in the letters that a number of the complaints received regarding prison conditions were unfounded. (See doc. no. 53, Attach. 1-2.)

3

Farris, 365 F. App'x 198, 200 (11th Cir. 2010) (*per curiam*) (notice accompanied by a certificate of service creates a presumption that the notice was received which must be rebutted by evidence of non-receipt). In fact, Plaintiff's legal mail logsheet indicates that he received mail from Defendant's attorney on December 27- a mere four days after Defendant's certificate of service indicates the response was sent to Plaintiff. (Doc. no. 53, Attach 4; doc. no. 47, p. 3.) Thus, Plaintiff has failed to rebut the presumption that he received a copy of Defendant's response to his motion. Therefore, this objection also fails to disturb the analysis and conclusions of the Magistrate Judge, and is **OVERRULED**.[3]

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's "Motion for Restraining Order and Preliminary Injunction" (doc. nos. 42-1, 42-2) is **DENIED**.

SO ORDERED this 26 day of April, 2011, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[3]The remainder of Plaintiff's objections are also **OVERRULED**.