ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 MAY 27 PH 3: 11

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

PORTER WILKES,                    )
                                  )
            Plaintiff,            )
                                  )
      v.                          )       CV 309-053
                                  )
W. SIGHTLER,                      )
                                  )
            Defendant.            )
                                  _____

**ORDER**

_____

After a careful, *de novo* review of the file, the Court concurs with the Magistrate

Judge's Report and Recommendation ("R&R"), to which objections have been filed. The

Magistrate Judge recommended that Defendant's motion for summary judgment be granted

and that Plaintiff's motion for summary judgment be denied. (Doc. no. 54.) In particular,

the Magistrate Judge found that Defendant had not acted with deliberate indifference

regarding Plaintiff's Hepatitis C. (Id. at 10.)

Plaintiff objects to several facts as presented in the Magistrate Judge's R&R. (Doc.

no. 57, pp. 2-10.) All but one of these fact-based objections are without merit and are

therefore **OVERRULED**. Although Plaintiff's objection that there is a dispute of material

fact regarding whether he refused diagnostic tests and treatment for his Hepatitis C warrants

additional discussion, that objection fails to disturb the ultimate conclusions of the

Magistrate Judge. Initially, Plaintiff disputes the portion of the Magistrate Judge's R&R

which relates Defendant's statement in his affidavit that Plaintiff had refused to undergo a

liver biopsy needed to obtain a definite diagnosis of Hepatitis C. (Id. at 4 (citing doc. no. 54,

p. 4).) Plaintiff disputes the veracity of Defendant's statement by pointing out that there are no "Refusal Forms with the Plaintiff's signature on them," and by claiming that Defendant did not discuss liver biopsies with him. (Id. at 6.) Plaintiff also disputes the statement by physician's assistant Laurie Franks indicating that, on August 31, 2010, she examined Plaintiff, he refused to undergo a liver biopsy, and then refused to sign the form indicating that he refused the biopsy. (Doc. no. 57, p. 7 (citing doc. no. 54, pp. 4-5).) Plaintiff states that he did not refuse a liver biopsy and that Ms. Franks did not examine him. (Id.) Instead, Plaintiff claims that Ms. Franks told him that, because of his age, treatment for Hepatitis C would be risky, and then tried to get Plaintiff to sign a refusal of treatment form- which he did not sign. (Id.) Thus, Plaintiff objects that there is a "genuine dispute of material fact" regarding whether or not he refused diagnostic tests and treatment for his Hepatitis C that precludes summary judgment. (Id. at 8.)

Because Plaintiff previously made these assertions in a sworn deposition and a sworn affidavit (see doc. no. 36, Ex. A, pp. 5-7; doc. no. 48), the Court must assume that these assertions are true, and draw all justifiable inferences in Plaintiff's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970)). Thus, the Court finds that there is a genuine dispute of material fact as to whether Plaintiff refused testing and treatment for his Hepatitis C. However, despite this finding, Plaintiff's objection does not upset the determination of the Magistrate Judge that Plaintiff failed to demonstrate that Defendant acted with deliberate indifference- a determination that is supported by several undisputed material facts. For instance, it is undisputed by Plaintiff that he received multiple diagnostic blood tests in regards to his Hepatitis C, and was told on at least six occasions that his liver enzymes were "good and

2

stable." (Doc. no. 54, p. 10.)

Plaintiff also fails to dispute Defendant's statement that, based on the studies done and his own observations, no treatment was known to be <u>needed</u> for Plaintiff's Hepatitis C. (<u>Id.</u>) Although Plaintiff describes what he claims are possible effects of Hepatitis C (doc. no. 57, p. 5), nowhere does he demonstrate that he has a <u>proven medical need</u> for treatment by a specialist- he only expresses his desire for that treatment. (<u>See id.</u> at 2 (stating that Plaintiff requested treatment and to be seen by a specialist, but providing nothing to indicate that his condition warranted either request).) Plaintiff also fails to dispute that he has not connected any harm to Defendant's alleged refusal to treat Plaintiff's Hepatitis C. (<u>See</u> doc. no. 54, pp. 11-12.) Most importantly, Plaintiff's assertions do not affect the Magistrate Judge's conclusion that, even assuming that the medical care provided by Defendant was somehow deficient, Plaintiff has done nothing more than allege a difference of opinion between himself and Defendant as to the management of Plaintiff's Hepatitis C. (<u>See id.</u> at 11.) It is well-established that a mere difference of opinion regarding the course of an inmate's treatment does not support a claim of deliberate indifference. (<u>Id.</u> at 9 (citing <u>Harris v. Thigpen</u>, 941 F.2d 1495, 1510 (11th Cir. 1991).) Therefore, Plaintiff's objection that there is a dispute of material fact that precludes summary judgment is **OVERRULED**.

Plaintiff also argues that the Eleventh Circuit's opinion in <u>Waldrop v. Evans</u>, 871 F.2d 1030 (11th Cir. 1989), supports his claim of deliberate indifference against Defendant. (Doc. no. 57, p. 3.) Plaintiff asserts that, as in <u>Waldrop</u>, Defendant made a decision to follow "an easier and less efficacious course of treatment," despite Plaintiff's requests for treatment and to see a specialist; Plaintiff alleges that Defendant's decision amounts to deliberate indifference. (<u>See id.</u> (citing <u>Waldrop</u>, 871 F.2d at 1033).) However, the situation in

3

_Waldrop_ is easily differentiated from that in the current case. _Waldrop_ addressed a physician's decision to immediately cease medications for a mentally ill inmate without any precautions, which resulted in the deterioration of the inmate's mental health. _Waldrop_, 871 F.2d at 1034-1035. Here, there was no discontinuation of any prior treatment. Plaintiff's Hepatitis C was regularly monitored by periodic blood tests, and, as stated, _supra_, Plaintiff has failed to connect any alleged harm to Defendant's choice to monitor Plaintiff's condition rather than refer Plaintiff to a specialist as he desires. (_See_ doc. no. 54, pp. 10-12.) Thus, Plaintiff's objection based on _Waldrop_ does not affect the conclusions of the Magistrate Judge and is therefore **OVERRULED**.[1]

Plaintiff also objects to the Magistrate Judge's observation that it is not clear that Plaintiff's lawsuit is entirely motivated by his allegations that Defendant refused to treat Plaintiff's Hepatitis C. (Doc. no. 57, pp. 9-10.) Plaintiff argues that it is apparent that his only remaining claim is his allegation that Defendant was deliberately indifferent by refusing to treat his Hepatitis C. (_See id._) It is true that Plaintiff was only allowed to proceed with his claim of deliberate indifference based on his allegation that Defendant refused to treat his Hepatitis C. (_See_ doc. no. 21.) However, that does not invalidate the Magistrate Judge's observation that Plaintiff openly admitted that half of the damages sought in this action are

---

[1]Citing Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004), Plaintiff makes a nearly identical argument at the end of his objections. (Doc. no. 57, pp. 10-11.) Just as with _Waldrop_, _Brown_ is readily differentiated from Plaintiff's case. In _Brown_, the plaintiff, who suffered from HIV and Hepatitis C, was removed from a previously prescribed treatment without receiving any other form of treatment, despite his deteriorating condition. _Id._ at 1351-52. As stated, _supra_, Plaintiff was not discontinued from a previously prescribed treatment. Additionally, Plaintiff has failed to connect any kind of harm to Defendant's alleged refusal to provide treatment for Plaintiff's Hepatitis C. (Doc. no. 54, p. 11-12.) Therefore, Plaintiff's objection is **OVERRULED**.

4

based upon Defendant's alleged failure or refusal to provide Plaintiff with ibuprofen and skin cream- an allegation which in no manner involves the alleged refusal to treat Plaintiff's Hepatitis C. (See doc. no. 54, pp. 3-4, 10.) As such, Plaintiff's objection fails to disturb the analysis of the Magistrate Judge, and is therefore **OVERRULED**.

In sum, Plaintiff's objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court as modified herein. Therefore, Plaintiff's motion for summary judgment (doc. no. 38) is **DENIED**, Defendant's motion for summary judgment (doc. no. 36) is **GRANTED**, a final judgment shall be **ENTERED** in favor of Defendant, and this civil action is **CLOSED**.

SO ORDERED this 27th day of May, 2011, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE